# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTINA JOHNSON<br>924 Wynnewood Road<br>Philadelphia, PA 19151 | : CIVIL ACTION – LAW<br>: NO.<br>: |
| Plaintiff, | : *Electronically filed*<br>: |
| vs. | :<br>: |
| FREEDOM REAL ESTATE GROUP, LLC<br>d/b/a FREEDOM FAMILY<br>INVESTMENTS d/b/a<br>OODLES OF LEADS<br>251 West Central Avenue, Unit 255<br>Springboro, OH 45066 | : JURY TRIAL OF 12 DEMANDED<br>:<br>:<br>:<br>:<br>: |
| Defendant. | : |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*., the Americans with Disabilities Amendments Act ("ADAAA"), Title VII, 42 U.S.C. §2000e, *et seq*. and 42 U.S.C. §1981. Plaintiff's Title VII Notice of Right to Sue letter was issued May 13, 2026 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*.,

1

with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing. Plaintiff seeks the Court to deem this action filed once one year has passed. Plaintiff also has an action under the Pennsylvania Wage Payment and Collection Law ("WPCL") and for state law Breach of Contract. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2.      Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Philadelphia County, and the incidents in question occurred in Philadelphia County as Plaintiff worked remotely for Defendant.

**FACTUAL ALLEGATIONS**

3.      Plaintiff Justina Johnson ("Plaintiff"), currently, and at the time of the illegal activity herein occurred, resides at 924 Wynnewood Road, Philadelphia, PA 19151.

4.      Defendant Freedom Real Estate Group, LLC d/b/a Freedom Family Investments d/b/a Oodles of Leads ("Defendant") is a foreign limited liability company with its principal place of business located at 251 West Central Avenue, Unit 255, Springboro, OH 45066, with a registered agent listed as Anderson Registered Agents, Inc., 470 West Broad Street, Suite 701, Columbus, OH 43215.

Plaintiff began working remotely for Defendant on October 6, 2025 as a Sales Executive in Pennsylvania.

5.    Plaintiff is in the following protected classes: disabilities: anxiety and insomnia; race: African American; and color: black.

6.    Plaintiff has been discriminated against because of her disability and retaliated against by Defendant for taking leave for her disabilities, anxiety and insomnia, a protected activity under the ADA.

7.    Plaintiff suffered a hostile work environment which aggravated her ADA disabilities, anxiety and insomnia.

8.    Alternatively, Plaintiff has been discriminated against by Defendant because of her race and color.

9.    In violation of Pennsylvania's Wage Payment and Collection Law, Defendant retaliated against Plaintiff's ADA leave by claiming she had taken time off that had not been recorded, and Defendant unilaterally retroactively marked 71 hours of Plaintiff's PTO as expended without her consent.

10.    Defendant additionally made no effort to prove to Plaintiff the taking of her PTO time was justified.  Defendant's actions while Plaintiff was out on medical leave for her ADA disabilities, anxiety and insomnia, were retaliatory in nature.

11.     While working for Defendant, Plaintiff began experiencing severe mental and physical health issues, including insomnia and anxiety.

12.     Plaintiff's physical ailments were thought to be related to or caused by work-related stress.

13.     Plaintiff's doctor recommended that she take time off work due to her mental and physical ailments.

14.     Plaintiff's physical ailments were relieved while Plaintiff was on medical leave.

15.     At all relevant times, Plaintiff's condition met the definition of disability under the Americans with Disabilities Act ("ADA"), which includes not only a substantial limitation of a major life activity, but a perception of a disability and a record of having a disability.   The ADA has been amended by the American with Disabilities Act Amendment Act ("ADAAA") and now has reduced definition of disability (something less than a substantial limitation) and focuses on employer conduct in refusing to accommodate disabilities.

16.     Plaintiff's disabilities, anxiety and insomnia, are disabilities under the ADA/ADAAA as these medical conditions limit her in the major life activities of sleeping, concentrating, focusing, and working.

17.     Plaintiff's disabilities, anxiety and insomnia, began when Defendant abruptly terminated Plaintiff's previous manager and trainer, Jim Kistner, after

4

Plaintiff worked for Defendant for a week and a half. Defendant did not replace Mr. Kistner right away and Plaintiff had to train herself and was immediately expected to produce/close sales.

18.    Victoria Shoaff had a meeting with Plaintiff shortly after trainer Jim Kistner was terminated during Plaintiff's new hire training, and made direct threats to Plaintiff during this time, telling her that if she did not begin to produce sales and close deals right away, then she would also soon lose her job. She told Plaintiff she had to make a sale within her 1st 30 days there, or she would lose her job too.

19.    At this time, Plaintiff's anxiety and insomnia continued to severely worsen.

20.    Plaintiff sought treatment and received medication for her anxiety and insomnia in March of 2026 with Twinkle Bhalodia, CRNP of Mainline Health Care Internal Medicine.

21.    On December 10, 2025, Defendant's Human Resources emailed Plaintiff a new Sales Compensation Agreement for her review and signature effective December 2025.

22.    Plaintiff expressed concerns via email that same day, December 10, 2025, regarding the new compensation agreement, stating that this was not what had been presented to her previously by Principal Consultant Victoria Shoaff. She made it seem like it would be a way to make more money.

23.     Plaintiff's commission rate was 6.7% (at $300 a deal). Plaintiff successfully sold 3 more plans in November 2025. Specifically, Plaintiff pointed out in her email that the new agreement stated that Plaintiff would not be paid any commission for her sales unless she made over 100% of her sales quota.

24.     Beginning in December of 2025 and continuing through her employment with Defendant, Plaintiff had to email and contact Defendant's accounting team, her direct manager Lorie Sharp, as well as Principal Consultant/COO of FREG Victoria Shoaff, regarding the status of her overdue sales commission payouts and/or incorrect commission payouts.

25.     Ms. Shoaff emailed Plaintiff on December 15, 2025 notifying her that payments would be processed 30 days after closing per her offer letter.  However, months would go by before Plaintiff would possibly see a commission payout, and at one point, on March 5, 2026, Defendant's account team erroneously took Plaintiff's benefits payment out of her commission deposit.

26.     On Wednesday, February 25, 2026, Plaintiff emailed Ms. Sharp and Ms. Shoaff requesting that her commission statements and payouts be provided on a consistent and timely basis each month.

27.     In early April 2026, Plaintiff requested that her manager, Lorie Sharp, and she go over her commissions as they did not appear accurate.

28.     Ms. Sharp never went over Plaintiff's commissions with her.

6

29. Upon Plaintiff's termination, Plaintiff's final pay and final commissions from Defendant were short over 71 hours and an additional $2,400 for the deals that the Defendant closed. Additionally, Plaintiff was not paid by Defendant for several clients that she had closed, and was not paid when she was abruptly terminated, and they ended up giving Plaintiff's clients to Liam White and Christian Polli, for them to in turn, receive the Plaintiff's commission for the sales that she closed.

30. On Sunday, March 8, 2026, 2026, Plaintiff emailed her direct manager Lorie Sharp, as well as Principal Consultant/COO of FREG Victoria Shoaff, relaying that she would be out on leave from March 9, 2026 to March 23, 2026, attaching her physician's note. In this email, Plaintiff notified Defendant that "due to ongoing severe work-related stress" Plaintiff's physician advised her to take a medical leave of absence.

31. Plaintiff's provision of medical notes and interaction with Defendant qualified as requests for accommodation under the ADA/ADAAA and triggered an interactive process, which did not occur.

32. On Tuesday March 24, 2026, Plaintiff emailed Victoria Shoaff letting her know that her doctor had extended her leave through the end of that week, and that she should return to work March 30, 2026. Plaintiff emailed her physician's note to Ms. Shoaff.

7

33.   While Plaintiff was out on medical leave, she began receiving notifications via Gusto (Defendant's online payroll/PTO management system) of days that were being taken out of Plaintiff's PTO allowance.

34.   Defendant claimed that these days corresponded with days that Plaintiff allegedly had been out of work weeks/months prior to her medical leave.

35.   The days were being taken out of Plaintiff's PTO allowance retroactively without any prior discussion or notification to Plaintiff other than via the Gusto system.

36.   Prior to Plaintiff's medical leave, her manager, Lorie Sharp, treated any days that Plaintiff was out in a very lenient and flexible manner and did not enter them into the Gusto system.

37.   Plaintiff exchanged emails with Principal Consultant/COO Victoria Shoaff regarding the PTO time. In more than one email, Ms. Shoaff wrote to Plaintiff, "In the event of separation from employment, any remaining negative PTO balance may be addressed in your final pay."

38.   Plaintiff found this to be a veiled threat that her termination was being contemplated nothwithstanding her protected leave status.

39.   In early April 2026, Defendant evidently performed an audit of Plaintiff's PTO time.

40.   Plaintiff was discriminated against by her manager, Lorie Sharp.

41.    During team meetings with Ms. Sharp, two other salespeople, and Plaintiff, Ms. Sharp would consistently roll her eyes, make nasty faces and sarcastic remarks whenever Plaintiff was speaking, whereas she did not do so when the other salespeople were speaking.

42.    Additionally, the other salespeople had full calendars booked with meetings while Plaintiff's calendar remained empty, making it difficult to reach the newly set goals.

43.    Ms. Sharp even acted almost 'disgusted' at times if Plaintiff signed a deal, even though Ms. Sharp received a commission.

44.    Ms. Sharp additionally often would not respond to Plaintiff's Email and Slack messages.

45.    Plaintiff reported the discrimination to Principal Consultant Victoria Shoaff via email on March 15 and March 16, 2026.

46.    Ms. Shoaff told Plaintiff that Defendant would allegedly investigate the discrimination complaints.

47.    Ms. Shoaff requested screenshots and any other information from Plaintiff. In response, Plaintiff submitted documentation to Ms. Shoaff.

48.    Plaintiff also mentioned to Ms. Shoaff that all of the meetings were videotaped so Ms. Shoaff could review the video recordings.

49.     Despite Plaintiff's reports in mid-March, Ms. Sharp's discriminatory behavior towards Plaintiff continued until Ms. Sharp's separation from Defendant.

50.     Upon Plaintiff's return from her medical leave, she attended an "all hands meeting" with Defendant's owner Danielle Robinson, Manager Lorie Sharp, as well as other salespeople on her team.

51.     During this meeting, Plaintiff and other salespeople were given unattainable monthly sales goals. They were not provided with the systems/software/tools or resources needed to produce the volume of sales that were now expected.

52.     Defendant additionally asked them to sign a Docusign agreeing to these new terms.

53.     Plaintiff and the sales team were told that they had 30 days, with a deadline of May 15, 2026, to meet these unrealistic expectations or else their jobs would be in jeopardy.

54.     On or about June 5, 2024, Plaintiff was given a 30-day PIP with an unusually high monthly sales quota, while SDR/BDR Liam White, was being trained by management to be promoted from an SDR/BDR to an Account Executive, despite his consistent poor performance of not being able to successfully book qualified candidates on Plaintiff's calendar, and even booking

appointments for Plaintiff on several occasions with prospects who told Plaintiff that they never agreed to book a meeting with Plaintiff.

55. On June 23rd, Plaintiff was terminated well before she concluded her 30-day PIP.

56. Upon Plaintiff's hire, Victoria Shoaff informed Plaintiff that she was being hired as a closer and would have a Sales Development Representative/ Business Development Representative ("SDR") Liam White to book appointments for her and that Plaintiff would focus on closing and making her quota. Plaintiff was never told that she would be expected to make outbound calls in order to book her own meetings.

57. The SDR, Liam White, was not productive at all and did not book Plaintiff quality meetings on her calendar. Most prospects were no-shows who said they never agreed to a meeting at all. Plaintiff made Defendant's management aware of this issue. In fact, the entire sales team complained to manager Lorie Sharp on multiple occasions, regarding Liam White's ongoing poor performance as an SDR and for not booking them quality meetings with qualified prospects on their calendars.

58. Between February to April 2026, Defendant's manager, Lorie Sharp, stated that Plaintiff and the sales team should perhaps do some 'cold calls' in addition to closing her deals, but never presented it as mandatory. This was instead

11

presented to Plaintiff as a goal for increasing her commission and not as a possible reason for termination if she did not meet revenue goals.

59.    Plaintiff reported to Defendant that there had been and continued to be glaring differences in the quantity and quality of the leads provided to her compared to her comparators, her colleagues on the sales team, making it even more difficult to reach these newly set goals.

60.    Additionally, Defendant not only continued to employ, but also trained coworker Liam White to be an Account Executive, and would frequently assign Plaintiff's leads to him, even though Liam White consistently underperformed compared to Plaintiff.

61.    Defendant discriminated against Plaintiff because of her ADA protected conditions, anxiety and insomnia.

62.    Plaintiff was treated differently than other similarly situated employees by Defendant who have not been retaliated against for assertion of ADA rights.

63.    Although Plaintiff took medical leave and reported to Defendant that she was taking leave because of ongoing severe work-related stress, Defendant did not offer any accommodation.

64.    Defendant's treatment of Plaintiff was noticeably more severe than other similarly situated comparators on her sales team, and Defendant's ongoing

mistreatment of Plaintiff worsened after she returned from her first medical leave for her ADA disabilities, insomnia and anxiety.

65. Defendant then terminated Plaintiff one week after her second medical leave for her surgery in violation of the ADA.

66. Alternatively, Plaintiff was treated differently than other similarly situated employees by Defendant on the basis of her race and color. Plaintiff was not offered the same equipment as white team member, Laurie.

67. Plaintiff was also shorted 2-3 days on her last paycheck and was deprived on the monies owed as more fully stated above.

68. Plaintiff filed a second EEOC Charge of Discrimination after Defendant terminated Plaintiff on June 23, 2026 in retaliation for her filing an EEOC Charge of Discrimination. That Charge is still being considered by the EEOC.

69. Alternatively, Defendant terminated Plaintiff in retaliation to Plaintiff's verbal and written internal formal complaints of discrimination against Defendant's manager, Lorie Sharp, and her assertion of ADA rights, including the request for leave as a reasonable accommodation.

70. Plaintiff was terminated in violation of the ADA.

71. Defendant discriminated against Plaintiff because of her disabilities, ADA/ADAAA protected conditions, and her assertion of a right to accommodation.

72.    Defendant failed to accommodate Plaintiff's ADA protected conditions.

73.    Alternatively, Respondent retaliated against Plaintiff for taking leave and for seeking reasonable accommodation under the ADA.

74.    Plaintiff was retaliated against for assertion of her ADA rights and/or her disabilities and/or because she asked for a reasonable accommodation.

75.    Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

76.    Plaintiff suffered damages because of the conduct of Defendant, including but not limited to, lost wages, lost benefits, pain, suffering, humiliation embarrassment and emotional distress.

77.    Defendant acted maliciously, oppressively, or in reckless disregard of Plaintiff's federally-protected rights with the requisite mental state, making Defendant liable for punitive damages, or such similar state law making it liable for punitive damages.

78.    Defendant's upper management and Human Resource officials aided and abetted discrimination and retaliation by Defendant under the PHRA by the aforesaid conduct.

79.    Defendants' activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

14

80.     No similarly-situated members of other protected classes were treated in this fashion.

81.     Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the ADA/ADAAA, Title VII, Section 1981 and the PHRA.

82.     At the time of her termination, Plaintiff was earning $85,000 per year plus commission.

83.     Plaintiff has mitigated her damages.

84.     At all relevant times, Defendant, by and through the actions and inactions of its Human Resource officials, managers, agents, and employees, has failed to act in good faith towards Plaintiff, and either (1) intentionally or recklessly ignored company non-discrimination and non-retaliation policies, or (2) was inadequately trained in recognition of reasonable accommodation requests or situations which result in the triggering of an interactive process.

85.     Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

86.     There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### AMERICANS WITH DISABILITIES ACT
### REASONABLE ACCOMMODATION INCLUDING
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

87.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

88.     Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

89.     Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

90.     Plaintiff put the employer on notice that she had a disability and requested an accommodation for her disability.

91.     Plaintiff suffered adverse employment action because of her request for accommodation, including failure to engage in the interactive process, failure to reasonably accommodate her, and termination.

92.      Defendants did not engage in the interactive process.

93.     Defendants failed to accommodate Plaintiff's ADA-protected conditions.

94. Defendants had no undue hardship in accommodating Plaintiff's ADA-protected conditions.

95. There is a causal link between the request for accommodation and the adverse actions Plaintiff experienced.

96. Plaintiff suffered damages.

97. Defendants are liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT II

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION

98.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

99.    Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

100.    Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

101.    Plaintiff suffered an adverse employment action because of her ADA-protected conditions, including being treated differently in the terms, conditions, and benefits of her employment than people without a disability and/or being terminated.

102.    There is a causal link between the adverse actions and the damages Plaintiff has suffered.

103.    Plaintiff suffered damages.

104.    Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable

attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (10) other costs of the action.

## COUNT III
## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## AMERICANS WITH DISABILITIES ACT
## RETALIATION

105.  Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

106.  Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

107.  Defendant knew of Plaintiff's assertions of ADA-protected rights and took adverse actions against her, including not providing her with reasonable accommodations and not engaging in an interactive process and/or terminating her.

108.  There is a causal link between Plaintiff's assertion of her ADA rights and the adverse actions herein.

109.  Plaintiff suffered damages.

110. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (10) other costs of the action.

## COUNT IV
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### PENNSYLVANIA HUMAN RELATIONS ACT
### REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

111. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

112. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

113. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

114. Plaintiff put the employer on notice that she had a disability and requested for accommodation to be made.

115. Plaintiff suffered adverse employment actions, including failure to engage in the interactive process, failure to reasonably accommodate her, and termination.

116. Defendants did not engage in the interactive process.

117. Defendants failed to accommodate Plaintiff's PHRA-protected conditions.

118. Defendants had no undue hardship in accommodating Plaintiff's PHRA-protected conditions.

119. There is a causal link between the Plaintiff's request for accommodation and the adverse actions Plaintiff experienced, including the constructive discharge of Plaintiff.

120. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the

employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (9) other costs of the action.

## COUNT V
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### PENNSYLVANIA HUMAN RELATIONS ACT
### DISABILITY DISCRIMINATION

121.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

122.   Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

123.   Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

124.   Plaintiff suffered an adverse employment action because of her disability, including termination and being treated differently in the terms, conditions, and benefits of her employment than people without a disability.

125.   Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT VI
## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## PENNSYLVANIA HUMAN RELATIONS ACT
## DISABILITY -- RETALIATION

126. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

127. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

128. Defendant took adverse actions against Plaintiff for asking for accommodation, including not providing her with reasonable accommodations, not engaging in an interactive process, and/or termination.

129.   There is a causal link between Plaintiff's request for accommodation and the adverse actions, including the termination of Plaintiff.

130.   Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (9) other costs of the action.

## COUNT VII
## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT

131.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

132.   Plaintiff is in protected classes because of her race, African American and color, black.

133.  Plaintiff was subjected to a severe and pervasive work environment because of her race.

134.  Plaintiff suffered intentional discrimination because of her race and color.

135.  The intentional discrimination was pervasive and regular.

136.  Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

137.  Respondent superior liability exists.

138.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT VIII

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## VIOLATION OF TITLE VII – RACE DISCRIMINATION

139.  Plaintiff incorporates the foregoing paragraphs as if set forth herein.

140.  Plaintiff is in a protected class because of race, African American.

141.  Plaintiff suffered adverse employment action(s) because of her race by Defendant.

142.  There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

143.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IX

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## VIOLATION OF TITLE VII – COLOR DISCRIMINATION

144.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

145.    Plaintiff is in a protected class because of color, black.

146.    Plaintiff suffered adverse employment action(s) because of her color by Defendant.

147.    There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

148.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT X

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## VIOLATION OF TITLE VII – RACE
## RETALIATION

149.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

150.   Plaintiff is in a protected class because of her race, African American.

151.   Plaintiff suffered adverse employment action(s) because she reported racial discrimination.

152.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

153.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

154.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

155.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs

of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XI
## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## VIOLATION OF TITLE VII – COLOR
## RETALIATION

156.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

157.    Plaintiff is in a protected class because of her color, black.

158.    Plaintiff suffered adverse employment action(s) because she reported discrimination.

159.     Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

160.    Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

161.    There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

162.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation,

including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

**COUNT XII**

**JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC**
**VIOLATION OF SECTION 1981 - DISCRIMINATION**
**HOSTILE WORK ENVIRONMENT**

163.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

164.   Plaintiff is in protected classes because of her race, African American, and color, black.

165.   Plaintiff suffered intentional discrimination because of her race and color.

166.   Defendant's discrimination to Plaintiff was severe or pervasive.

167.   Defendant's discrimination detrimentally affected Plaintiff.

168.   Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

169.   Respondent superior liability exists.

170.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIII
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF SECTION 1981 – RACE DISCRIMINATION

171.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

172.    Plaintiff is in a protected class because of race, African American.

173.    Plaintiff suffered adverse employment action(s) because of her race by Defendant.

174.    There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

175.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation,

31

including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XIV
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF SECTION 1981 – COLOR DISCRIMINATION

176.  Plaintiff incorporates the foregoing paragraphs as if set forth herein.

177.  Plaintiff is in a protected class because of color, black.

178.  Plaintiff suffered adverse employment action(s) because of her color by Defendant.

179.  There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

180.  Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs

32

of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XV
## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF SECTION 1981 – RACE RETALIATION

181.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

182.   Plaintiff is in a protected class because of her race, African American.

183.   Plaintiff suffered adverse employment action(s) because she reported racial discrimination.

184.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

185.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

186.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

187.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable

attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVI
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF SECTION 1981 – COLOR RETALIATION

188.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

189.   Plaintiff is in a protected class because of her color, black.

190.   Plaintiff suffered adverse employment action(s) because she reported discrimination.

191.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

192.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

193.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

194.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVII
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT –
### HOSTILE WORK ENVIRONMENT

195.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

196.    Plaintiff is in protected classes because of her race, African American, and color, black.

197.    Plaintiff suffered intentional discrimination because of her race and color.

198.    Defendant's discrimination to Plaintiff was severe or pervasive.

199.    Defendant's discrimination detrimentally affected Plaintiff.

200.   Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

201.   Respondent superior liability exists.

202.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:   (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVIII
### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE DISCRIMINATION

203.   Plaintiff incorporates the foregoing paragraphs as if set forth herein.

204.   Plaintiff is in a protected class because of race, African American.

205.   Plaintiff suffered adverse employment action(s) because of her race by Defendant.

36

206. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

207. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIX

### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – COLOR DISCRIMINATION

208. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

209. Plaintiff is in a protected class because of her color, black.

210. Plaintiff suffered adverse employment action(s) because of her color by Defendant.

211. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

37

212.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:    (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XX

**JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT –
RACE**
**RETALIATION**

213.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

214.    Plaintiff is in a protected class because of her race, African American.

215.    Plaintiff suffered adverse employment action(s) because she reported racial discrimination.

216.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

217.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

218.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

219.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XXI

### JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – COLOR
### RETALIATION

220.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

221.   Plaintiff is in a protected class because of her color, black.

222.   Plaintiff suffered adverse employment action(s) because she reported discrimination.

223.    Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

224.   Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

225.   There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

226.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (6) interest; and (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XXII

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC

### VIOLATION OF PENNSYLVANIA
### WAGE PAYMENT AND COLLECTION LAW

227. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

228. Plaintiff was entitled under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. Ann. §260.1 *et seq.*, to be paid for all of the hours commission she earned, in a timely manner, as well as fringe benefits and wage supplements. The Law requires payment of wages, fringe benefits, and wage supplements to be paid in the next succeeding pay period.

229. Defendant did not pay Plaintiff fully for her work as set forth more fully in the Complaint.

230. Plaintiff is entitled to liquidated damages of 25% under the WPCL or $500.00, whichever is more.

231. Plaintiff is entitled to recover under the Wage Payment and Collection Law.

232. Defendant is responsible under the WPCL to pay attorneys' fees and costs which are not fully capable of being assessed presently and should be determined at a later date pursuant to relevant law, practice or rule.

WHEREFORE, Plaintiff demands the following relief (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XXIII

## JUSTINA JOHNSON v. FREEDOM REAL ESTATE GROUP, LLC
## BREACH OF CONTRACT

233.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

234.   Plaintiff had an oral contract for wages/commission as more fully set forth above.

235.   Plaintiff worked for Defendant as agreed.

236.   Defendant breached the oral agreement by not paying commissions as agreed.

237.   Plaintiff sustained damages.

238.   Defendant owes Plaintiff for its breach of agreement and owes Plaintiff for breach of contract/agreement in an unspecified amount to be proven at Trial.

WHEREFORE, Plaintiff prays for relief in an amount less than $50,000. Additionally, Plaintiff seeks interest and costs of the action.


Respectfully submitted,



Date: _August 10, 2026__          BY: __*/s/ Edward C. Sweeney*____
                                  Edward C. Sweeney, Esquire
                                  Attorney for Plaintiff
                                  I.D. No.  64565
                                  102 Pickering Way, Suite 403
                                  Exton, PA  19341
                                  (610) 594-1600
                                  Validation of signature code: ECS1942